Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

BY ORDER OF THE COURT

## SEALED BY ORDER OF THE COURT
### United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 26 2007

at ___ o'clock and ___ ___M.
SUE BEITIA, CLERK

U.S.A. vs. <u>JAMES ROBERT BREITENBUCHER</u>   Docket No. <u>CR 01-00080SOM-01</u>

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

   COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of JAMES ROBERT BREITENBUCHER who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 9th day of October 2001, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4. That the defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

   The Court also ordered that restitution of $309.00 is due immediately to the Hawaii National Bank, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

   On 8/14/2006, the Court modified the conditions of supervision and imposed the following conditions:

   General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

Prob 12C
(Rev. 1/06 D/HI)

2

Special Condition No. 1: That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

On 4/18/2007, the Court modified the conditions of supervision and imposed the following conditions:

5.  Defendant shall refrain from the use of alcohol and all other intoxicants during the term of supervision.

6.  Defendant shall not incur new credit charges or open additional lines of credit without prior permission from the Probation Officer.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Probation Forms 7A and 12B attached) as follows:

1.  The subject's urine specimen taken as part of the treatment regimen submitted on 7/17/2006 tested positive for methamphetamine; and urine specimens taken as part of the treatment regimen submitted on 7/29/2007 and 8/27/2007 tested positive for cocaine, respectively, in violation of the General Condition.

2.  The subject admitted using cocaine on 1/13/2007, 9/14/2007, and 9/23/2007, in violation of the General Condition.

3.  The subject refused to comply with drug testing on 9/19/2006 and 7/23/2007, in violation of Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   9/26/2007

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 26th day of September, 2007, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re: **BREITENBUCHER, James Robert**
**Criminal No. CR 01-00080SOM-01**
**REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The subject pled guilty to Bank Robbery, a Class C felony. He was sentenced by Your Honor on 10/9/2001 to seventy (70) months imprisonment with three (3) years supervised release to follow. The subject began his supervised release term on 4/20/2006.

**Violation Nos. 1 and 2 - Urine Specimen Taken as Part of the Treatment Regimen Submitted on 7/17/2006 Tested Positive for Methamphetamine; Urine Specimens Taken as Part of the Treatment Regimen Submitted on 7/29/2007 and 8/27/2007 Tested Positive for Cocaine; and Admitted Using Cocaine on 1/13/2007, 9/14/2007, and 9/23/2007**: The Court should note that the subject is being charged with the General Condition because Standard Condition No. 7 on his original judgment only addresses alcohol.

On 8/14/2006, Your Honor was informed that the subject provided a urine specimen as part of treatment on 7/17/2006 that tested positive for methamphetamine. The subject admitted using methamphetamine on 7/15/2006. As a corrective measure, the subject was placed in the Intensive Outpatient Program (IOP) at Freedom Recovery Services (FRS). As a result of the U.S. vs. Stephens decision, our office recommended that the Court modify the mandatory drug testing condition (General Condition) to allow for random drug testing. Our office also recommended that Special Condition No. 1 be revised to include updated language. Your Honor concurred with these recommendations.

In September 2006, the subject relocated to Amityville, New York. This was due to the subject's wife being transferred to New York by the U.S. Army. Initially, the U.S. Probation Office in the Eastern District of New York (ED/NY) provided courtesy supervision, and in November 2006, they accepted full supervision of the subject's case as it appeared he would be staying in their district for an extended period.

On 4/17/2007, our office notified Your Honor that the subject admitted using cocaine on 1/13/2007. The subject was reprimanded by the supervising officer in the ED/NY and as an additional sanction, our office recommended that the subject's conditions of supervision be modified to include that he refrain from the use of alcohol and not incur new credit charges or open additional lines of credit without prior permission from the Probation Officer. Your Honor concurred with these recommendations.

On 9/13/2007, our office informed Your Honor that in early June 2007, the subject separated from his wife in New York and returned to the District of Hawaii. He resumed counseling and drug testing at Freedom Recovery Services, Inc. (FRS). On 7/29/2007, the subject submitted a urine specimen at FRS as part of the treatment regimen, which was later confirmed positive by a laboratory for cocaine. The subject admitted using cocaine on 7/28/2007. The subject blamed his relapse on the fact that he ran out of his bi-polar medication and had not taken it for more than a week when he used cocaine. The subject

Re:   **BREITENBUCHER, James Robert**
      **Criminal No. CR 01-00080SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

admitted that he had not planned ahead and was admonished for his irresponsibility. Because the subject is a veteran, he was referred to the Veterans Administration (VA) for mental health services and medication. The subject was able to refill his medication at the VA and appeared to stabilize.

On 8/27/2007, the subject again submitted a urine specimen at FRS as part of the treatment regimen, which was confirmed positive for cocaine. The subject was adamant that he did not use cocaine after 7/28/2007. This officer confirmed with Kroll Laboratories that it was not possible for cocaine to be detected beyond the retention period of 3 to 4 days. Despite the subject's denial of additional cocaine use, our office was inclined to ask the Court that he be allowed to continue on supervision in part because of the subject's mental health issues and the beneficial assistance he could receive from the VA. Our office coordinated with the VA to place the subject in an Intensive Outpatient Program (IOP) at the VA. This was to consist of counseling 3 days per week which would incorporate both substance abuse and mental health counseling. The subject was also to reside in a residence provided by U.S. Vets in Barbers Point. Your Honor concurred with these recommendations and took no further action.

Our office was informed by U.S. Vets that on 9/19/2007, the subject submitted a urine specimen to the U.S. Vets program as part of their program requirements. The urine specimen tested positive for cocaine using a non-instrumented drug testing device (NIDTD). The subject admitted using cocaine on 9/14/2007. Due to the subject's cocaine use and being deemed uncooperative with VA staff, he was terminated from the U.S. Vets program.

On 9/25/2007, the subject reported to the Probation Office and was instructed to submit a urine specimen for testing. The specimen was tested using an NIDTD and was found to be presumptively positive for cocaine. The subject admitted using cocaine on 9/23/2007. The specimen has been forwarded to a laboratory and the results have not yet been received.

**Violation No. 3 - Refusing to Comply With Drug Testing on 9/19/2006 and 7/23/2007**: Our office was informed by FRS that on 9/19/2006 and 7/23/2007, the subject failed to submit a urine specimen for testing. As the subject was oriented to the requirements of the drug testing program, he is charged with refusal to comply with drug testing.

With respect to the drug test on 9/19/2006, the subject reported to FRS for testing at 7:15 p.m., but was unable to provide a urine specimen for testing prior to them closing at 8 p.m. With respect to the drug test on 7/23/2007, the subject claimed that he got caught up at work and was not able to make it to FRS for testing during the two breaks he had at work. The subject was admonished for not making the proper arrangements with work and the Probation Office if needed.

Re: **BREITENBUCHER, James Robert**
**Criminal No. CR 01-00080SOM-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**

The subject has been given multiple chances to address his continued substance abuse issues in various levels of treatment. It was hoped that a placement at the U.S. Vets program would provide comprehensive and beneficial treatment in a supportive environment. Unfortunately, the subject was terminated from the program for not complying with appointments at the VA and using cocaine. The subject also does not appear to be stable with respect to his mental health issues. This, coupled with his continued cocaine use, causes our office great concern.

Based on the above, we respectfully recommend that the Court issue a no bail warrant for his appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

Frank M. Condello II

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

Gene DeMello, Jr.

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

FMC/pts

Re: **BREITENBUCHER, James Robert**
**Criminal No. CR 01-00080SOM-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 4**

### NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:     James Robert Breitenbucher                Docket No. CR 01-00080SOM-01

     Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of THREE (3) YEARS commencing upon release from confinement (4/20/06).

     The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

     The defendant shall not commit another federal, state, or local crime.

     The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)     The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)     The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     24 Apr 06
JAMES ROBERT BREITENBUCHER          Date
Defendant

_____     4/24/06
FRANK M. CONDELLO, II          Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE: BREITENBUCHER, James Robert
Docket No. CR 01-00080SOM-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4. That the defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

The Court also ordered that the restitution of $309.00 is due immediately to the Hawaii National Bank, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____  24 Apr 06
JAMES ROBERT BREITENBUCHER            Date
Defendant

_____  4/24/06
FRANK M. CONDELLO, II                Date
U.S. Probation Officer

PROB. 12B
(7/93)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

RECEIVED

AUG 15 2006

at 2 o'clock and __ min. __M
SUE BEITIA, CLERK

'06 AUG 15 P3:48

U.S. PROBATION OFFICE
HONOLULU, HAWAII

United States District Court

for the

DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: JAMES ROBERT BREITENBUCHER   Case No. CR 01-00080SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence: 10/9/2001

Original Offense:   Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony

Original Sentence:   Seventy (70) months imprisonment, to be followed by three (3) years supervised release with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant participate in a mental health program at the discretion and direction of the Probation Office; and 4) That the defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office. The Court also ordered that the restitution of $309.00 is due immediately to the Hawaii National Bank, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

Type of Supervision:  Supervised Release     Date Supervision Commenced:  4/20/2006

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

General Condition:   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

Special Condition No. 1:   That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

## CAUSE

Violation Number            Nature of Noncompliance

1. General Condition        The subject's urine specimen of 7/17/2006 tested positive for methamphetamine.

Per Special Condition No. 1, the subject was referred to outpatient substance abuse counseling and drug testing at Freedom Recovery Services (FRS). On 7/17/2006, the subject provided a urine specimen for testing at FRS. The specimen was tested with a non-instrumented drug testing device, and was presumptively positive for methamphetamine. Our office later received laboratory confirmation that the subject's urine specimen of 7/17/2006 was positive for methamphetamine. Initially, the subject denied using methamphetamine, but did admit to taking some pills prescribed to his stepson. He later admitted that he had in fact taken methamphetamine on 7/15/2006. The subject was admonished for both lying to this officer and for using illicit drugs.

As a corrective measure, the subject was placed in the Intensive Outpatient Program at FRS. This consists of three-(3) hour counseling sessions at least three (3) times per week. The subject is Bipolar and currently receives psychiatric assistance through FRS with a medical doctor on staff. He is also prescribed Abilify, to deal with his Bipolar disorder. Until recently, the subject was seeing a psychologist at the Tripler Army Medical Center. He was recently referred to Dr. Kevin Connors to address his mental health issues on a weekly basis.

Prob 12B
(7/93)

3

As a result of the subject's methamphetamine use and in light of <u>U.S. vs. Stephens</u>, we are requesting that the Court modify the mandatory drug testing condition (General Condition) to allow for additional drug testing. We are also requesting that Special Condition No. 1 be revised to include updated language. Our office believes that due to the subject's history of illicit drug use, it is prudent to randomly test the subject for drug use until the expiration of supervision.

As noted by his signature on the attached Waiver of Hearing form (Probation Form 49), the subject maintains no objections to this recommendation. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modifications.

Respectfully submitted by,

*/s/ Frank M. Condello II*

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

*/s/ Timothy M. Jenkins*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 8/14/2006

---

THE COURT ORDERS:

[ ✓ ] The Modification of Conditions as Noted Above
[   ] Other

*/s/ Susan Oki Mollway*

SUSAN OKI MOLLWAY
U.S. District Judge

AUG 1 4 2006
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]  To modify the conditions of supervision as follows:

General Condition: *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.*

Special Condition No. 1: *That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

Witness: ___/s/ Frank M. Condello II___
FRANK M. CONDELLO, II
U.S. Probation Officer

Signed: ___/s/ James Robert Breitenbucher___
JAMES ROBERT BREITENBUCHER
Supervised Releasee

7/24/2006
Date

PROB. 12B
(7/93)

RECEIVED

'07 APR 20 A11:30

U.S. PROBATION OFFICE
HONOLULU, HAWAII

United States District Court

for the

DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 20 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: JAMES ROBERT BREITENBUCHER   Case No.: CR 01-00080SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence: 10/9/2001

Original Offense:   Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony

Original Sentence:   Seventy (70) months imprisonment, to be followed by three (3) years supervised release with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant participate in a mental health program at the discretion and direction of the Probation Office; and 4) That the defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

The Court also ordered that restitution of $309 is due immediately to the Hawaii National Bank, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

Modified
Sentence:   On 8/14/2006, the Court modified the conditions of supervision to reflect, General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall

Case 1:01-cr-00080-SOM    Document 30    Filed 09/26/2007    Page 16 of 20

Prob 12B
(7/93)

2

submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day; and Special Condition No. 1: That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Type of Supervision: Supervised Release    Date Supervision Commenced: 4/20/2006

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

> 5)    *Defendant shall refrain from the use of alcohol and all other intoxicants during the term of supervision.*
>
> 6)    *Defendant shall not incur new credit charges or open additional lines of credit without prior permission from the Probation Officer.*

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. General Condition | The subject admitted using cocaine on 1/13/2007. |

On 8/14/2006, Your Honor was informed that the subject provided a urine specimen on 7/17/2006 that tested positive for methamphetamine. The subject admitted using methamphetamine on 7/15/2006. As a corrective measure, the subject was placed in the Intensive Outpatient Program (IOP) at Freedom Recovery Services (FRS). The subject was also receiving psychiatric and psychological assistance for his Bipolar Disorder. As a result of the U.S. vs. Stephens decision, our office recommended that the Court modify the mandatory drug testing condition (General Condition) to allow for additional drug testing. Our office also recommended that Special Condition No. 1 be revised to include updated language. Your Honor concurred with these recommendations.

In September 2006, the subject relocated to Amityville, New York. This was due to the subject's wife being transferred to New York by the U.S. Army. Initially, the U.S. Probation Office in the Eastern District of New York (E/D NY) accepted courtesy supervision of the subject's case, but in November 2006, they accepted full supervision of the subject's case as it appeared he would be staying in their district for an extended period.

Prob 12B
(7/93)

3

    Our office has been informed by the U.S. Probation Office in the E/D NY that the subject admitted using cocaine on 1/13/2007 after having an argument with his wife. He subsequently moved out of his residence with his wife and entered a clean and sober living environment. His drug tests have reportedly been negative. The subject is addressing his drug use at twelve (12) step Alcoholics Anonymous/Narcotics Anonymous (AA/NA) meetings and in outpatient substance abuse counseling sessions. Additionally, to increase his support network and to monitor his Bipolar Disorder, he is enrolled in weekly individual mental health treatment.

    Because the subject admitted that he had been drinking shortly before his use of cocaine on 1/13/2007, it is recommended that the Court modify the conditions of supervision to include a special condition that the subject refrain from the use of alcohol and all other intoxicants during the term of supervision. Additionally, the subject reported to his probation officer in New York that he was engaging in excessive spending when he was experiencing a manic phase of his Bipolar Disorder. He is currently experiencing financial difficulties, although the subject is gainfully employed. As a result, it is also recommended that the Court modify the conditions of supervision to include a special condition that the subject not incur new credit charges or open additional lines of credit without prior permission from the Probation Officer.

    As noted by his signature on the attached Waiver of Hearing form (Probation Form 49), the subject maintains no objections to this recommendation. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modifications.

                                                         Respectfully submitted by,

                                                         FRANK M. CONDELLO, II
                                                         U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 4/17/2007

Prob 12B
(7/93)

4

THE COURT ORDERS:

[X]  The Modification of Conditions as Noted Above
[ ]  Other

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
U.S. District Judge

APR 1 8 2007
Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_____
Defendant

Print Name: James Breitenbucher

Date: 4/16/07

U.S. PROBATION OFFICE
HONOLULU, HAWAII
'07 APR 16 P12:39
RECEIVED

TOTAL P.02

PROB 49
(NYEP-10/28/05)

# United States District Court

## DISTRICT OF HAWAII

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and the assistance of counsel before any unfavorable change(s) may be made in my conditions of Probation and/or Supervised Release or before my period of supervision can be extended. By assistance of counsel, " I understand that I have the right to be represented at a hearing by counsel of my choosing if I am able to retain counsel. I also understand that I have the right to request that the Court appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel. "

I hereby voluntarily waive my statutory right to a hearing and to the assistance of counsel. I also hereby agree to the following modification (s) of my conditions of Probation and/or Supervised Release or to the proposed extension of my term of supervision: wing modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

**Defendant shall refrain from the use of alcohol and all other intoxicants during the term of supervision.**

**Defendant shall not incur new credit charges or open additional lines of credit without prior permission from the Probation Officer.**

Witness: _/s/ Kelly Deuuy_
U.S. Probation Officer

Signed: _/s/ James Brul_
Probationer or Supervised Releasee

Date: 2/13/07