EDWARD H. KUBO, JR.      #2499
United States Attorney
District of Hawaii

DARREN W.K. CHING        #6903
Assistant U.S. Attorney
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Darren.Ching@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 01-00080 SOM |
| ) | |
| Plaintiff, ) | GOVERNMENT'S MEMORANDUM RE: |
| ) | RELEVANCE AND SCOPE OF |
| vs. ) | EXAMINATION OF DEFENDANT'S |
| ) | WITNESS; CERTIFICATE OF |
| JAMES ROBERT BREITENBUCHER, ) | SERVICE DECLARATION OF |
| ) | COUNSEL; EXHIBITS 1-4; |
| Defendant. ) | |
| ) | Date:  December 6, 2007 |
| ) | Time:  9:00 a.m. |
| ) | Judge: Susan Oki Mollway |

GOVERNMENT'S MEMORANDUM RE:
RELEVANCE AND SCOPE OF EXAMINATION OF DEFENDANT'S WITNESS

   Now comes the United States through its undersigned counsel and herein files its Memorandum Re: Relevance and Scope of Examination of Defendant's Witness.

**I.   Background**

   On October 3, 2007, the Defendant, James Robert Breitenbucher ("Defendant" or "Breitenbucher") admitted to all four violations as detailed in the Request for Course of Action

filed in this case on September 26, 2007.  At the October 3, 2007 hearing, Defendant's attorney, First Assistant Federal Defender, Alexander Silvert ("Mr. Silvert") raised the issue of Defendant's medical treatment while at the Federal Detention Center ("FDC").  In response to Mr. Silvert's concern, this Court requested that Bureau of Prisons ("BOP") counsel, Natalie Wight, write a letter to the Court detailing Defendant's medical issues and the possibility of Defendant receiving certain medications.  This matter was continued to October 24, 2007 for disposition.

On October 10, 2007, Ms. Wight responded to the Court's request.  She detailed Defendant's medical treatment and explained the BOP's prescribing of a substitute medication to Defendant.  (See Exhibit 1).  On October 22, 2007, Mr. Silvert requested a status conference with this Court.  In this status conference, Mr. Silvert informed the Court that he wanted a continuance of the October 24, 2007 hearing to allow him time to secure expert witnesses to discuss the effectiveness of medication prescribed to Defendant while at FDC as well as to discuss the appropriateness of any sentence to be imposed by this Court.  The hearing on this matter was continued to December 6, 2007.

On October 26, 2007, Mr. Silvert outlined the general testimony of the expert witnesses he intended to call at the December 6, 2007 hearing.  (See Exhibit 2).  On November 23, 2007, Mr. Silvert provided a more detailed summary of his

2

experts' opinions[1]:

> Dr. Matthews will testify regarding the psychiatric treatment policies of the Bureau of Prisons as detailed in their program statements. He will also testify as to the difference between Prozac and Paxil and as to what drugs were given to Mr. Breitenbucher at FDC Honolulu based upon his intake screening records. He will testify that this treatment regime, as applied to Mr. Breitenbucher, falls below the level of psychiatric care required by the medical community and the reasons therefore. In particular, why this treatment regime, as applied to Mr. Breitenbucher, may be dangerous to Mr. Breitenbucher's health both in the past and in the future if he were to remain in BoP custody.
>
> Dr. Boyens and Ms. Tsai will also testify as to the difference between Prozac and Paxil. They will also testify as to the medicines prescribed to Mr. Breitenbucher prior to his incarceration at FDC based upon Mr. Breitenbucher's prior treatment (to which both Dr. Boyens and Ms. Tsai were a part of) and as to why the medical practice so far afforded to Mr. Breitenbucher by FDC Honolulu was and is medically deficient and a danger to his health.
>
> (See Exhibit 3).

On November 23, 2007, Ms. Wight provided this Court with an update to the Court-requested letter of October 10, 2007. She explained to the Court that Defendant was prescribed Fluoxetine (Prozac) as a substitute for Paroxetine (Paxil). (See Exhibit 4). The letter also detailed that on October 17, 2007, Defendant chose to discontinue his use of the Fluoxetine because

---

[1] This purported testimony of the experts goes beyond what was discussed at the status conference of October 22, 2007 as the basis for the requested evidentiary hearing.

he felt fine without taking it[2].  Additionally, Defendant did not have any adverse effects from his decision to stop taking the Fluoxetine.

Mr. Silvert has stated that the purpose for calling Dennis Quilendrino is to question him about a conversation between Defendant and Mr. Quilendrino regarding Defendant's discontinuance of the Fluoxetine.  Mr. Silvert also has stated the purpose for calling Dr. Giron is to question him about the psychiatric treatment of Defendant at the FDC since his arrest in this matter as well as to question Daniel Chi regarding Defendant's intake interview of September 27, 2007.

## II. Discussion

The issue before this Court is to determine an appropriate sentence for this Defendant.  However, given Mr. Silvert's letter of November 23, 2007, it is clear that Mr. Silvert seeks to attack the "psychiatric treatment policies of the Bureau of Prison as detailed in their program statement," and to show that the treatment regimen of Defendant "falls below the psychiatric care required by the medical community. . ." and "is medically deficient and a danger to the Defendant's health."

The purported testimony Mr. Silvert seeks to introduce is irrelevant to this Court's determination of an appropriate

---

[2] It is unknown if Mr. Silvert was aware that Defendant discontinued his use of Fluoxetine prior to the status conference of October 22, 2007.

sentence for Defendant.  The purpose of Mr. Silvert calling these witnesses appears to be to attack the BOP's medical treatment policies and could be a precursor to a civil suit or similar claims in future sentencings of other defendants.

    A.    <u>Testimony of Dr. Giron, Mr. Quilendrino, and Mr. Chi</u>

An issue raised by Mr. Silvert at the status conference of October 22, 2006 (and the reason for calling expert witnesses) was the propriety of the FDC's substitution of Defendant's previously prescribed Paroxetine (Paxil) with Fluoxetine (Prozac).  This issue has been addressed by BOP's letters of October 10, 2007 and November 23, 2007.  Both letters made it clear that Defendant can and will be given appropriate medical care.  This Court can review both letters submitted by BOP at this Court's request and conclude that BOP can provide appropriate medical care to Defendant.  Accordingly, the testimony of Dr. Giron, Mr. Quilendrino, and Mr. Chi are unnecessary.

In <u>United States v. Washington</u>, 467 F.3d 1122, 1124-1125 (8th Cir. 2006), "the pivotal issue at sentencing was whether the BOP could manage Washington's medical condition. The district court submitted that question to the BOP's Regional Health Systems Administrator, who answered in the affirmative. The district court indicated it reviewed Washington's ample medical records and accepted Washington's proffer as to what [defendant's expert] would say if called to testify. Because the

5

BOP was better situated than [defendant's expert] to determine its own ability to manage Washington's medical condition, Washington's inability to present [his expert's] live testimony did not prejudice Washington."

Here, Mr. Silvert's questioning of the three FDC staff members concerning Defendant's past medical care is irrelevant to the pivotal issue in this sentencing hearing - an appropriate sentence for this Defendant which involves Defendant's future medical care.  The BOP provided a letter clarifying that Paroxetine (Paxil), Defendant's previously prescribed drug for his bipolar disorder, is available on the BOP formulary. Additionally, Defendant's receiving Paroxetine (Paxil) is no longer at issue given he has chosen not to take anti-depression medication.  Thus, Dr. Giron's testimony regarding his psychiatric treatment at FDC Honolulu is not relevant to what should be the only issue at this hearing if it involves the testimony of the three BOP Staff members - whether appropriate medication is available to the defendant while he is in BOP custody.  Likewise, Mr. Silvert's desire to question Mr. Chi about the intake interview conducted in September of 2007, is irrelevant as to whether or not the BOP can appropriately handle Defendant's medical care.  Finally, Mr. Silvert's desire to question Mr. Quilendrino about his conversation with Defendant's desire to discontinue the Fluoxetine (Prozac), is similarly reflective of Defendant's past care as opposed to Defendant's

prospective care.

  B. <u>Testimony of Dr. Matthews, Dr. Boyens, and Ms. Tsai</u>

   The proffered testimony of the three experts Mr. Silvert intends to call would also be irrelevant to Defendant's future care at FDC as Defendant is not precluded from being prescribed Paroxetine (Paxil) as noted in the BOP letter of November 23, 2007. Given Defendant has chosen not to take the FDC-prescribed Fluoxetine because he feels better not taking this medication and has not suffered any ill effects, the purpose for calling these three witnesses is now moot. Even if Defendant disagreed with the use of a substitute drug[3], he has not taken the appropriate administrative remedies which would address his concern.

   If this Court were to allow the testimony of Defendant's three expert witnesses, with regard to the standard care given by FDC, this Court would then be forced to decide the appropriateness of differing medical treatments. This is not the forum for such an issue.

\ \

\ \

\ \

\ \

---

  [3] The government has no indication that Defendant has ever made a request for Paroxetine (Paxil) while at the FDC during his most recent incarceration.

**III.  Conclusion**

For the foregoing reason, the Government request that the Defendant be limited in whom he calls as witnesses and to what they are able to testify.

DATED: December 5, 2007, at Honolulu, Hawaii.

                        EDWARD H. KUBO, JR.
                        United States Attorney
                        District of Hawaii

                        /s/ Darren W.K. Ching
                        _____
                        Darren W.K. Ching
                        Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

    ALEXANDER SILVERT            alexander_silvert@fd.org
    Attorney for Defendant
    JAMES ROBERT BREITENBUCHER

    DATED: December 5, 2007, at Honolulu, Hawaii.

                                            /s/ Kari Cadelinia